Hall. Judge.
 

 The return of flic Sheriff is
 
 only prima-fade
 
 evidence against, hi:; securities, it is not conclusive. In the present case, however, be Defendants rather support than deny tho return; they say she money was received by Ally, their principo!, hut at a lime when lies was not bound as Sheriff to receive it. That is true; but it appears that the money in question was paid into his hands by Ledbetter, for the purpose of discharging- the debt due to the ¡Sank, and it does not otherwise appear, but that tisis money remained in his bands when the execution issued in 1820, which gave him a right to levy the debt; lie has returned tho execution satisfied to that amount, ami the return so made is obligatory upon the Defendants. It is said, however, that the scale of depreciation ought to be, applied to this bond, because it was given in the penal sum of five thousand '■omitís, as directed by the act of 1777, when depreciation was two ami a half for one. I cannot y ¡eld my assent to that, because the bond bears date in the y ear 1819. I am therefore obliged to view it either as good or bad
 
 in tola,
 
 the same as 1 would a bond given in any other penalty greater than £2000. And viewing it in this light, Í cannot think it resembles that class of bonds w hich the law declares void because taken contrary to law, such as Sheriffs’ bonds, customhouse bonds, and others of the same description. Indi •.’¡duals, from their particular situations, are compellable
 
 *8
 
 to give them, and ?f To officers to whom they are given were at liberty to take them in any other way than that * pointed ui't. by law . they might become instruments of 0ppression in -uonds. Nor am I prepared to say, that bonds like the in question, can be exacted by the Courts at pleasure. They cannot and ought not to require any, of persons who may be elected to the office of Sheriff, but such as the law points cut. But if a person, when so elected, voluntarily gives bond with securities in a greater penalty than that required by law, and enters upon the duties of his office, and becomes a defaulter in his office, there can he no reason why he should be released from such bond.
 

 The Court is instructed to take the bond payable to the Governor for the benefit of the people at large, or that portion of them whose money may come into the hands of the Sheriff, it is a bond substantially taken to the people themselves, for their own benefit, and it would not do to set it aside because the persons they entrusted to take it, and the person giving it, thought proper not to take it in the same penalty which they directed, or, which is the same thing, in the same penalty which the law directed. For these reasons, I approve of the charge given by the Judge below upon these points. But there is anothfer circumstance observable on this record, which ought not to escape the notice of the Court, and that is, that the judgment rendered in this case is founded on a notice given to the Defendants, under the act of Assembly giving a summary remedy against Sheriffs and other public officers. If the bond given by the Sheriff and the Defendants, in this case, had been taken as the law directs, this remedy would be
 
 regular;
 
 but the bond is taken in a penalty different from that pointed out by law, and although, for that reason, we do not declare it void, hut hold it good as a voluntary bond, yet we do not think that summary remedy attaches to it, but that the party grieved must have recourse to a Common Law remedy,
 
 *9
 
 audi as the Common Law would furnish on such a bond, in caso it was given by one individual to another.
 

 For these reasons, I think the judgment must be arrested.
 

 T\ v ¡.or, Chief-Justice, and IThtsmisses', Judge, con-u/red.