"We and each of us oblige ourselves, our heirs, etc., to pay to the Governor of the State of North Carolina, and his successors in office, the full sum of $4,000; void on condition that Thomas Witherspoon, Esquire, high sheriff of the county of Wilkes for the year 1820, shall well and truly do his duty in office as sheriff for said year, in every respect according to law. Witness our hands and seals this 2 May, 1820.
Witherspoon in 1820, as sheriff, received a sum of money on an execution at the instance of Chambers, and failing to pay it over, this suit was brought and a verdict rendered for plaintiff. Defendants moved for a new trial on the ground that the bond was insufficient and not drawn pursuant to the act of Assembly. Paxton, J., who presided, refused a new trial and rendered judgment, from which (43) defendants appealed. *Page 22 
If a recovery cannot be had in the present case, it cannot be because the contract of the parties will not warrant it. The contract of the parties fully sustains the verdict and judgment of the court.
But it is said, and truly, that the bond has not been taken conformably to the directions of the act of Assembly; so it was objected in Bank v.Twitty, 9 N.C. 5, but it was decided in that case, and the Court is now of opinion, that the bond was good as a voluntary bond.
The magistrates of the county were empowered by the Legislature to take from the defendant a bond, and the form of that bond is prescribed. The bond was not taken for the benefit of the justices, but for the benefit of the suitors, whose money might come into the hands of the defendant as sheriff and be by him improperly detained, as seems to have been done in the present case. The present plaintiff had no agency in taking the bond, and if the bond, although bad in form, is in its terms sufficient to warrant the present action, it would be the height of injustice to declare it invalid on account of form. It is not like the case of a bond taken by a sheriff contrary to the provisions of the act of Assembly. All such bonds are declared to be void.
But an objection has been here made to the form of the proceedings in this case. It has been said that under the Stat. of Will. III, a suggestion of damages ought to have been placed upon the record. It is true that ought to have been done, but there is no doubt but that a suggestion of the sort was made, and proof made accordingly; for the jury, by their verdict, have found damages in consequence of such proof, and the court has given judgment thereon and the omission to suggest damages on the record ought now, after verdict, either to be (44) overlooked or leave should be given to enter it nunc pro tunc. 2 Saund., 187, n.
Cited: Governor v. McAffee, 13 N.C. 17; Branch v. Elliott, 14 N.C. 89;Williams v. Ehringhaus, Ib., 298.