The judgment sought to be set aside was obtained against McAlister for public taxes. Four bonds are presented, some one of which, it is alleged, is sufficient to sustain the judgment. One of these bonds may be laid out of view; it was given to the chairman of the county court to collect taxes for public buildings. Another was given to the Governor in the sum of $10,000. As this bond does not, in its (62) terms, agree with the provisions of the law (being taken for a larger sum), a summary remedy, such as has been resorted to in this instance (Bank v. Twitty, 9 N.C. 5), cannot be had upon it; and it may also be laid out of view. Another bond is given to the Governor, in the sum of $4,000, conditioned that the sheriff shall account for the poor taxes of the county, and pay all fees and money by him received by virtue of any process, and in all other things well, truly, and faithfully execute the said office of sheriff during his continuance therein, etc.
A fourth bond is given to the Governor, in the sum of $4,000, conditioned that the sheriff shall account for all monies that he shall receive on account of the county contingent taxes, and pay all fees and sums of money which he shall receive by virtue of any process, etc., and in all things well, truly, and faithfully execute the office of sheriff during his continuance therein.
It would appear to me that the different objects for which the two latter bonds were given are specifically expressed in their conditions, and that the concluding words, "that he shall in all things well and truly, etc., execute the office of sheriff," cannot recover, or guarantee the payment of so important a part of the taxes as that due to the State; if this was the object, why are two bonds given of the same kind, and with the same securities, when one would have answered as well?
It appears to me that the concluding words mean that McAlister shall well and truly execute the office of sheriff as far as relates to the duties of the office, especially set forth in the preceding part of the bond.
I am inclined to think that the judgment complained of should be set aside. *Page 45